UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.E.M.,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | Case No. 1:25-cv-01380-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS [1]<br><br>(Doc. 1)<br><br>FOURTEEN (14) DAY OBJECTION PERIOD |

On October 16, 2025, Petitioner, represented by counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement (ICE) without a bond hearing as a violation of the Due Process Clause of the Fifth Amendment. (Doc. 1 at 23-25). Petitioner seeks, *inter alia,* a writ directing his release from custody. (*Id*. at 25).

That same day, Petitioner moved for a temporary restraining order ("TRO"). (Doc. 3). On October 27, 2025, the district judge converted the TRO motion to a motion for preliminary injunction and granted the motion. (Doc. 10). The Court determined that Petitioner's prior release on recognizance gave rise to a protected liberty interest. After applying the factors set

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

forth in *Mathews v. Eldridge*[2], the Court concluded Petitioner demonstrated a likelihood of success on the merits of his procedural due process claim. (*Id.* at 5-13).

The Court ordered Petitioner's immediate release from custody. (*Id.* at 14). The Court further enjoined Respondents from re-detaining Petitioner unless they first established, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner posed a flight risk or danger to the community sufficient to justify his detention. (*Id.*).

Having reviewed the record and applicable law,[3] the undersigned adopts the reasoning set forth in the Court's October 27, 2025 Order and concludes that Petitioner's re-detention without a pre-deprivation hearing violated his right to procedural due process rights. (Doc. 10). This conclusion accords with decisions addressing re-detention of noncitizens following conditional release. *See, e.g., Espinoza v. Kaiser*, 2025 WL 2581185, at *11 (E.D. Cal. Sept. 5, 2025); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082-1090 (N.D. Cal. Oct. 15, 2025).

Accordingly, the undersigned recommends granting the petition and converting the preliminary injunction into a permanent injunction implementing the writ. Under that injunction, Petitioner would remain released under the existing conditions unless Respondents first afforded him the pre-deprivation hearing described above and satisfied the appliable burden of proof.

Accordingly, IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED;
2. The preliminary injunction entered on October 27, 2025 (Doc. 10), be converted into a permanent injunction implementing the writ, with its terms remaining in effect; and
3. The Clerk of Court be directed to CLOSE this case.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District

---

[2] 424 U.S. 319, 335 (1976).

[3] The October 27, 2025 Order permitted Respondents to file additional briefing on the merits within thirty (30) days and permitted Petitioner to file a reply brief within fifteen (15) days after Respondents filed their brief. (Doc. 10 at 14). On December 5, 2025, Respondents filed a status update confirming Petitioner's release and stating that they did not intend to submit additional briefing. (Doc. 13). Petitioner filed no reply, and the period for additional briefing has expired. The matter is therefore submitted on the existing record.

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 6, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE